1  E. MARTIN ESTRADA
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   HAOXIAOHAN CAI (Cal. Bar No. 331131)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0762
7       Facsimile: (213) 894-0141
        E-mail:   Haoxiaohan.Cai@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 5:22-217-MCS

13              Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
                                     CYNTHIA ANN HERNANDEZ
14              v.

15  CYNTHIA ANN HERNANDEZ,
      Aka "Cynthia Roberts,"
16
                Defendant.
17

18

19       1.   This constitutes the plea agreement between CYNTHIA ANN

20  HERNANDEZ ("defendant") and the United States Attorney's Office for

21  the Central District of California (the "USAO") in the above-

22  captioned case.  This agreement is limited to the USAO and cannot

23  bind any other federal, state, local, or foreign prosecuting,

24  enforcement, administrative, or regulatory authorities.

25                      DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27       a.   At the earliest opportunity requested by the USAO and

28  provided by the Court, appear and plead guilty to counts one and five

of the indictment in United States v. CYNTHIA ANN HERNANDEZ, CR No. 22-217-MCS which charge defendant with one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of access device fraud in excess of $1,000, in violation of 18 U.S.C. § 1029(a)(5).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   To not recommend, argue for, or suggest in any way that the Court should impose a sentence of less than 24 months of imprisonment on counts one and five of the indictment.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1          j.    Complete the Financial Disclosure Statement on a form

2   provided by the USAO and, within 30 days of defendant's entry of a

3   guilty plea, deliver the signed and dated statement, along with all

4   of the documents requested therein, to the USAO by either email at

5   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8   criminal debt shall be assessed based on the completed Financial

9   Disclosure Statement and all required supporting documents, as well

10  as other relevant information relating to ability to pay.

11         k.    Authorize the USAO to obtain a credit report upon

12  returning a signed copy of this plea agreement.

13         l.    Consent to the USAO inspecting and copying all of

14  defendant's financial documents and financial information held by the

15  United States Probation and Pretrial Services Office.

16                        THE USAO'S OBLIGATIONS

17  3.    The USAO agrees to:

18         a.    Not contest facts agreed to in this agreement.

19         b.    Abide by all agreements regarding sentencing contained

20  in this agreement.

21         c.    At the time of sentencing, move to dismiss the

22  remaining counts of the indictment as against defendant.  Defendant

23  agrees, however, that at the time of sentencing the Court may

24  consider any dismissed charges in determining the applicable

25  Sentencing Guidelines range, the propriety and extent of any

26  departure from that range, and the sentence to be imposed.

27         d.    At the time of sentencing, provided that defendant

28  demonstrates an acceptance of responsibility for the offenses up to

1    and including the time of sentencing, recommend a two-level reduction
2    in the applicable Sentencing Guidelines offense level, pursuant to
3    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
4    additional one-level reduction if available under that section.

5                        NATURE OF THE OFFENSES

6         4.   Defendant understands that for defendant to be guilty of
7    the crime charged in count one, that is, mail fraud, in violation of
8    Title 18, United States Code, Section 1341, as charged in the
9    indictment, the following must be true: (1) defendant knowingly
10   participated in, devised, or intended to devise a scheme or plan to
11   defraud, or a scheme or plan for obtaining money or property by means
12   of false or fraudulent pretenses, representations, or promises; (2)
13   the statements made or facts omitted as part of the scheme were
14   material, that is, they had a tendency to influence, or were capable
15   of influencing, a person to part with money or property; (3)
16   defendant acted with the intent to defraud; that is, the intent to
17   deceive and cheat; and (4) defendant used, or caused to be used, the
18   mails to carry out or attempt to carry out an essential part of the
19   scheme.

20        5.   Defendant understands that for defendant to be guilty of
21   the crime charged in count five, that is, access device fraud in
22   excess of $1,000, in violation of Title 18, United States Code,
23   Section 1029(a)(5), the following must be true: (1) defendant
24   knowingly effected transactions with access devices issued to another
25   person; (2) defendant obtained through such transactions, at any time
26   during a one-year period, a total of at least $1,000 in payments or
27   other things of value; (3) defendant acted with the intent to
28   defraud; and (4) the defendant's conduct in some way affected

                                   4

1 commerce between one state and another state, or between a state of

2 the United States and a foreign country.

3 <u>PENALTIES</u>

4     6.  Defendant understands that the statutory maximum sentence

5 that the Court can impose for a violation of Title 18, United States

6 Code, Section 1341, is: 20 years imprisonment; a 3-year period of

7 supervised release; a fine of $250,000 or twice the gross gain or

8 gross loss resulting from the offense, whichever is greatest; and a

9 mandatory special assessment of $100.

10     7.  Defendant understands that the statutory maximum sentence

11 that the Court can impose for a violation of Title 18, United States

12 Code, Section 1029(a)(5), is: 15 years imprisonment; a 3-year period

13 of supervised release; a fine of $250,000 or twice the gross gain or

14 gross loss resulting from the offense, whichever is greatest; and a

15 mandatory special assessment of $100.

16     8.  Defendant understands, therefore, that the total maximum

17 sentence for all offenses to which defendant is pleading guilty is:

18 35 years imprisonment; a 3-year period of supervised release; a fine

19 of $500,000 or twice the gross gain or gross loss resulting from the

20 offenses, whichever is greatest; and a mandatory special assessment

21 of $600.

22     9.  Defendant understands that defendant will be required to

23 pay full restitution to the victim(s) of the offenses to which

24 defendant is pleading guilty.  Defendant agrees that, in return for

25 the USAO's compliance with its obligations under this agreement, the

26 Court may order restitution to persons other than the victim(s) of

27 the offenses to which defendant is pleading guilty and in amounts

28 greater than those alleged in the counts to which defendant is

pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $515,138, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

10.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral

1  consequences, including but not limited to revocation of probation,
2  parole, or supervised release in another case and suspension or
3  revocation of a professional license. Defendant understands that
4  unanticipated collateral consequences will not serve as grounds to
5  withdraw defendant's guilty pleas.

6      12.  Defendant and his counsel have discussed the fact that, and
7  defendant understands that, if defendant is not a United States
8  citizen, the conviction in this case makes it practically inevitable
9  and a virtual certainty that defendant will be removed or deported
10 from the United States. Defendant may also be denied United States
11 citizenship and admission to the United States in the future.
12 Defendant understands that while there may be arguments that
13 defendant can raise in immigration proceedings to avoid or delay
14 removal, removal is presumptively mandatory and a virtual certainty
15 in this case. Defendant further understands that removal and
16 immigration consequences are the subject of a separate proceeding and
17 that no one, including his attorney or the Court, can predict to an
18 absolute certainty the effect of his conviction on his immigration
19 status. Defendant nevertheless affirms that he wants to plead guilty
20 regardless of any immigration consequences that his plea may entail,
21 even if the consequence is automatic removal from the United States.

22                          FACTUAL BASIS

23     13.  Defendant admits that defendant is, in fact, guilty of the
24 offenses to which defendant is agreeing to plead guilty. Defendant
25 and the USAO agree to the statement of facts provided below and agree
26 that this statement of facts is sufficient to support pleas of guilty
27 to the charges described in this agreement and to establish the
28 Sentencing Guidelines factors set forth in paragraph 15 below but is

7

1 | not meant to be a complete recitation of all facts relevant to the
2 | underlying criminal conduct or all facts known to either party that
3 | relate to that conduct.

4 | On March 27, 2020, the President of the United States signed
5 | into law the Coronavirus Aid, Relief, and Economic Security Act
6 | ("CARES Act"), which provided economic relief protections to the
7 | American people from the public health and economic impacts of COVID-
8 | 19. The CARES Act established a new program – Pandemic Unemployment
9 | Assistance ("PUA"), to provide Unemployment Insurance ("UI") benefits
10 | during the pandemic to qualifying individuals. California's
11 | Employment Development Department ("EDD"), administered UI benefits
12 | under the PUA provision of the CARES Act. Pursuant to PUA, certain
13 | individuals could qualify for UI benefits if, among other things, he
14 | or she previously performed qualifying work in California and was
15 | unemployed, partially unemployed, unable to work, or unavailable to
16 | work due to a COVID-19-related reason. To establish eligibility for
17 | UI under PUA, a benefits claimant was required to provide answers on
18 | an application, including name, Social Security Number, mailing
19 | address, a qualifying occupational status, and a COVID-19 related
20 | reason for being out of work. After accepting applications for UI
21 | and determining eligibility, EDD typically deposited UI funds every
22 | two weeks to Electronic Bill Payment ("EBP") debit cards administered
23 | by Bank of America ("BofA") marked with the claimant's name. These
24 | EBP debit cards were mailed via the United States Postal Service
25 | ("USPS") from BoA to the address provided as the claimant's mailing
26 | address on the UI application.

27 | Beginning no later than June 2020 and continuing through at
28 | least August 2020, in San Bernardino County, within the Central

8

1  District of California and elsewhere, defendant, together with

2  others, knowingly and with the intent to defraud, devised,

3  participated in, and executed a scheme to defraud EDD and the United

4  States Treasury as to material matters, and to obtain money and

5  property from EDD and the United States Treasury, namely, UI

6  benefits, including PUA benefits, by means of material false and

7  fraudulent pretenses, representations, and promises, and the

8  concealment of material facts, including false statements with

9  respect to the eligibility of individuals for PUA UI benefits who

10 were not actually eligible.  Defendant acted with an intent to

11 defraud, that is, with an intent to deceive and cheat, and caused to

12 be used the mails to carry out or attempt to carry out an essential

13 part of her scheme.

14      Specifically, defendant and her co-schemers filed and caused to

15 be filed with EDD fraudulent applications for UI benefits in the

16 names of other persons, namely, at least 29 persons incarcerated in

17 California state prisons who were not actually eligible for UI

18 benefits.  In the fraudulent applications, defendant her co-schemers

19 falsely stated and represented, and caused to be falsely stated and

20 represented that the named claimants: (1) had worked in qualifying

21 professions in the State of California, (2) were individuals whose

22 employment had been negatively affected by the COVID-19 pandemic, and

23 (3) were eligible for UI benefits administered by EDD.  For example,

24 defendant submitted an application for inmate M.G. which attested

25 that M.G. could not work because he had primarily responsibility for

26 caring for a child or person whose school or care facility was closed

27 as a direct of COVID-19, precluding his ability to work, and that

28 M.G. was available for full-time work in his usual occupation.

1   Defendant knew that none of the foregoing was true because defendant

2   knew that inmate M.G. was incarcerated in a California State Prison.

3   These representations regarding claimant eligibility were material

4   and had a tendency to influence EDD to part with UI benefits under

5   the PUA program.

6        Defendant and her co-schemers caused fraudulent applications

7   submitted to EDD to include defendant's home address as the UI

8   benefits claimants' mailing address.  This ensured that defendant

9   would receive the UI benefits paid out to the claimants.  As a result

10  of defendant and her co-schemers' actions, EDD authorized BofA to

11  issue EBP debit cards in the names of the inmate claimants, and BofA

12  mailed those EBP debit cards to defendant's home address using the

13  mail.  Among other things, Defendant and her co-schemers willfully

14  caused the following items to be mailed by BofA and delivered by

15  USPS: an EBP debit card for an account in the name of inmate J.V.

16  ending in 5503, mailed August 5, 2020, an EBP debit card for an

17  account in the name of inmate M.G. ending in 9049, mailed August 5,

18  2020, an EBP debit card for an account in the name of inmate E.T.

19  ending in 0301, mailed August 10, 2020, an EBP debit card for an

20  account in the name of inmate R.R., ending in 8942, mailed August 10,

21  2020.

22       Each of the EBP debit cards were access devices, as defined in

23  Title 18, United States Code Section 1029(e)(1).  Defendant used the

24  fraudulently used access devices, i.e., EBP debit cards issued to

25  J.V., E.T., M.G., and R.R., with intent to defraud, and knowingly

26  effected transactions to obtain things of value totaling at least

27  $1,000 during a one year period, by withdrawing monies using the

28  access devices from BoA Automated Teller Machines between August 12,

10

1  2020 through September 23, 2020.  Defendant's use of access devices

2  affected interstate commerce.

3      Throughout the entirety of the scheme, defendant and her co-

4  schemers caused at least 29 fraudulent applications for PUA benefits

5  to be filed, processed, and paid out for ineligible inmates,

6  resulting in losses to EDD and the United States Treasury of

7  approximately $515,138.

8  SENTENCING FACTORS

9      14.  Defendant understands that in determining defendant's

10  sentence the Court is required to calculate the applicable Sentencing

11  Guidelines range and to consider that range, possible departures

12  under the Sentencing Guidelines, and the other sentencing factors set

13  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

14  Sentencing Guidelines are advisory only, that defendant cannot have

15  any expectation of receiving a sentence within the calculated

16  Sentencing Guidelines range, and that after considering the

17  Sentencing Guidelines and the other § 3553(a) factors, the Court will

18  be free to exercise its discretion to impose any sentence it finds

19  appropriate between the mandatory minimum and up to the maximum set

20  by statute for the crimes of conviction.

21      15.  Defendant and the USAO agree to the following applicable

22  Sentencing Guidelines factors:

23      Base Offense Level:          7      U.S.S.G. § 2B1.1(a)(1)

24      Loss Amount of More Than
    $250,000:               +12    U.S.S.G. § 2B1.1(b)(1)(G)

25  Defendant and the USAO reserve the right to argue that additional

26  specific offense characteristics, adjustments, and departures under

27  the Sentencing Guidelines are appropriate.

28

11

1    16.   Defendant understands that there is no agreement as to

2  defendant's criminal history or criminal history category.

3    17.   Defendant and the USAO reserve the right to argue for a

4  sentence outside the sentencing range established by the Sentencing

5  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

6  (a)(2), (a)(3), (a)(6), and (a)(7).

7                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

8    18.   Defendant understands that by pleading guilty, defendant

9  gives up the following rights:

10          a.   The right to persist in a plea of not guilty.

11          b.   The right to a speedy and public trial by jury.

12          c.   The right to be represented by counsel -- and if

13  necessary have the Court appoint counsel -- at trial.  Defendant

14  understands, however, that, defendant retains the right to be

15  represented by counsel -- and if necessary have the Court appoint

16  counsel -- at every other stage of the proceeding.

17          d.   The right to be presumed innocent and to have the

18  burden of proof placed on the government to prove defendant guilty

19  beyond a reasonable doubt.

20          e.   The right to confront and cross-examine witnesses

21  against defendant.

22          f.   The right to testify and to present evidence in

23  opposition to the charges, including the right to compel the

24  attendance of witnesses to testify.

25          g.   The right not to be compelled to testify, and, if

26  defendant chose not to testify or present evidence, to have that

27  choice not be used against defendant.

28

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction to a sentence corresponding to an offense level of 20 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of

1   this Court; the drug testing conditions mandated by 18 U.S.C.

2   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

3   authorized by 18 U.S.C. § 3563(b)(7).

4       21.   Defendant also gives up any right to bring a post-

5   conviction collateral attack on the convictions or sentence,

6   including any order of restitution, except a post-conviction

7   collateral attack based on a claim of ineffective assistance of

8   counsel, a claim of newly discovered evidence, or an explicitly

9   retroactive change in the applicable Sentencing Guidelines,

10  sentencing statutes, or statutes of conviction.  Defendant

11  understands that this waiver includes, but is not limited to,

12  arguments that the statutes to which defendant is pleading guilty are

13  unconstitutional, and any and all claims that the statement of facts

14  provided herein is insufficient to support defendant's pleas of

15  guilty.

16      22.   The USAO agrees that, provided all portions of the sentence

17  are at or below the statutory maximum specified above and the Court

18  imposes a term of imprisonment within or above the range

19  corresponding to an offense level of 16 and the criminal history

20  category calculated by the Court, the USAO gives up its right to

21  appeal any portion of the sentence, with the exception that the USAO

22  reserves the right to appeal the amount of restitution ordered if

23  that amount is less than $515,138.

24              RESULT OF WITHDRAWAL OF GUILTY PLEA

25      23.   Defendant agrees that if, after entering guilty pleas

26  pursuant to this agreement, defendant seeks to withdraw and succeeds

27  in withdrawing defendant's guilty pleas on any basis other than a

28  claim and finding that entry into this plea agreement was

14

1  involuntary, then (a) the USAO will be relieved of all of its

2  obligations under this agreement; and (b) should the USAO choose to

3  pursue any charge that was either dismissed or not filed as a result

4  of this agreement, then (i) any applicable statute of limitations

5  will be tolled between the date of defendant's signing of this

6  agreement and the filing commencing any such action; and

7  (ii) defendant waives and gives up all defenses based on the statute

8  of limitations, any claim of pre-indictment delay, or any speedy

9  trial claim with respect to any such action, except to the extent

10  that such defenses existed as of the date of defendant's signing this

11  agreement.

12  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

13  24.  Defendant agrees that if any count of conviction is

14  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

15  resentence defendant on any remaining counts of conviction, with both

16  the USAO and defendant being released from any stipulations regarding

17  sentencing contained in this agreement, (b) ask the Court to void the

18  entire plea agreement and vacate defendant's guilty pleas on any

19  remaining counts of conviction, with both the USAO and defendant

20  being released from all their obligations under this agreement, or

21  (c) leave defendant's remaining convictions, sentence, and plea

22  agreement intact.  Defendant agrees that the choice among these three

23  options rests in the exclusive discretion of the USAO.

24  <u>EFFECTIVE DATE OF AGREEMENT</u>

25  25.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

16

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

18

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____                12/3/2022
HAOXIAOHAN CAI                          _____
Assistant United States Attorney        Date

_____                11/29/2022
CYNTHIA ANN HERNANDEZ                    Date
Defendant

_____                11/29/22
RALPH R. RIOS                           Date
Attorney for Defendant CYNTHIA ANN
HERNANDEZ

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

1  representations of any kind have been made to me other than those

2  contained in this agreement.  No one has threatened or forced me in

3  any way to enter into this agreement.  I am satisfied with the

4  representation of my attorney in this matter, and I am pleading

5  guilty because I am guilty of the charges and wish to take advantage

6  of the promises set forth in this agreement, and not for any other

7  reason.

8  _____          11/29/2022
                                           _____
9  CYNTHIA ANN HERNANDEZ                    Date
   Defendant

10

11

12          CERTIFICATION OF DEFENDANT'S ATTORNEY

13      I am Cynthia Ann Hernandez's attorney.  I have carefully and

14  thoroughly discussed every part of this agreement with my client.

15  Further, I have fully advised my client of her rights, of possible

16  pretrial motions that might be filed, of possible defenses that might

17  be asserted either prior to or at trial, of the sentencing factors

18  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

19  provisions, and of the consequences of entering into this agreement.

20  To my knowledge: no promises, inducements, or representations of any

21  kind have been made to my client other than those contained in this

22  agreement; no one has threatened or forced my client in any way to

23  enter into this agreement; my client's decision to enter into this

24  agreement is an informed and voluntary one; and the factual basis set

25  forth in this agreement is sufficient to support my client's entry of

26  guilty pleas pursuant to this agreement.

27  _____          11/29/22
                                           _____
28  RALPH R. RIOS                           Date

Attorney for Defendant CYNTHIA ANN
HERNANDEZ