Ralph R. Rios, SBN 80585
**EL MONTE LAW GROUP**
11100 Valley Blvd #115
El Monte, Ca 91731
Telephone : (626) 406-1032
rrios@emlawgroup.com

Attorneys for Defendant
CYNTHIA HERNANDEZ

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA HERNANDEZ<br><br>Defendant. | Case No.  CR   22-217--MCS<br><br>**CYNTHIA HERNANDEZ**<br>**SENTENCING POSITION;**<br>**MEMORANDUM AND POINTS OF**<br>**AUTHORITIES,  EXHIBITS**<br><br>Date: June 26,  2023<br><br>Time: 10:00 am<br><br>HONORABLE  MARK C. SCARSI |

TO: THE HONORABLE   MARK C. SCARSI , UNITED STATES DISTRICT JUDGE

AND E. MARTIN   ESTRADA, UNITED STATES ATTORNEY FOR THE CENTRAL  DISTRICT:

**DEFENDANT, CYNTHIA HERNANDEZ**  through counsel  Ralph R. Rios in the above-entitled case,  respectfully submits her  position regarding the sentence to be imposed following her  plea of guilty to violation of Title 18 U.S.C.§ 1341 and 18 U.S.C. 1029 (a)(5), (c)(A)

This sentencing position is supported by the attached memorandum of points

- 1 -

1  and authorities, the  Pre-sentence Investigation Report  (PSR),  and such further

2  evidence and argument as the Court may permit at the sentencing hearing, currently

3  set for June 26 , 2023 at 10:00 a.m.

4

5  DATED: June 14, 2023                    Respectfully submitted,

6

7                                          RALPH R. RIOS

8                                          Attorney for Defendant

9                                          Cynthia Hernandez

- 2 -

SENTENCING MOTION

## **PRELIMINARY STATEMENT**

Cynthia Hernandez (defendant ) is a non-violent offender with no prior experience with the legal system. She is a quiet and humble 33 -year old female who stands before the court to be sentenced for the unlawful conduct she admitted and accepted responsibility for during the early stages of the government's investigation into her particular case.

She deeply regrets her actions and decisions she made and she is particularly sorry that her actions have caused so much grief for everyone including her 17 year old son , her parents and siblings.

Her actions and their impact on those people she loves will weigh on her throughout the remainder of her life.

Her remorse is so genuine and heartfelt that she is embarrassed and ashamed to find a way to explain this situation to her teenage son who is still in high school.

Ms. Hernandez also understands the seriousness of the charges against her and some of the collateral consequences of being a convicted felon including the difficulty for Ms. Hernandez of finding and obtaining suitable employment now that her criminal background is available to prospective employers.

This is specially damaging to her because she has always tried to be financially independent and fiscally responsible. Now that her employment options are limited, she blames no one but herself and as previously mentioned, is deeply embarrassed and ashamed.

However, she is an individual with a unique combination of experiences and a lifetime worth of judgements , good and bad , and experiences that will serve her well in the future.

She now intends to make amends and find ways during her incarceration to get her life back on track. Accordingly, defendant stands by her plea agreement //

- 3 -

1  executed on January 23, 2023 in which she agreed not to argue for a sentence of

2  less than 24 months imprisonment on counts one and five of the indictment.

3  Defendant Hernandez also agreed she would be required to pay full restitution of

4  $515.138 to the victims which would be due immediately upon sentencing.

5

6  ## THE DEFENSE'S POSITION ON THE PRESENTENCE

7  ## INVESTIGATION   REPORT

8

9  The United States Probation Office (USPO) filed a pre-sentence  report

10  (PSR)  on March 13, 2023 which indicates defendant  has a base offense level of

11  7.

12  The  PSR calculated the defendant's  criminal history at zero  (PSR at pg. 17)

13  placing defendant Hernandez in  criminal history category of 1.

14  A 12 level increase was applied based on the loss of  $515,138.00  (PSR at pg. 15)

15  A 2 level increase was applied based on defendant's possession and use of EDD

16  cards that were unlawfully produced.(PSR at pg. 15).

17  An additional 2 level increase was applied based on defendant role as a leader or

18  organizer (PSR at pg. 16), and finally a 3 level decrease was applied based on Ms.

19  Hernandez' acceptance of responsibility for the crimes committed.

20  Accordingly, the total offense level was calculated at 20.

21  The guidelines range for imprisonment is 33 to 41 months and falls within

22  Zone D of the sentencing guidelines.

23  The defense does not object to either the calculation of the sentencing

24  guidelines, nor the criminal history computation in the PSR.

25  However, the defense respectfully disagrees with the Government's assertion

26  regarding the PSR offense level calculation.

27  The government argues that the two point enhancement pursuant to U.S.S.G.

28  Section  2B1.1 (b) (11) , for unauthorized use of a means of identification of another

- 4 -

1  person does not  apply  and that a four rather than a two-point enhancement

2  pursuant to U.S.S.G. section 3B1.1 for aggravated role should apply.

3       The Government bears the burden of proving by preponderance of the

4  evidence that the defendant should receive an aggravating role adjustment.

5  *United States v. Al-Ricabi, 606 F.3d 11 (1ˢᵗ Cir. 2010)*

6       First of all, there is no evidence that defendant was "an organizer or leader of

7  criminal activity". Defendant was involved in filing the bogus claims and collecting

8  and cashing the debit cards, but the evidence clearly points to someone else

9  orchestrating and organizing  the entire case.

10       That someone else appears to be her incarcerated husband Manuel who by all

11  appearances, is the unquestioned leader and organizer  in this activity.

12       It must be kept in mind that defendant married Manuel in 2017. The incident

13  before the court took place  from June 2020 thru September  of 2020.

14       Prior to her marriage in  2017, other than a misdemeanor conviction in 2009

15  when she was 19 years of age,  defendant was not involved in criminality and was a

16  respected and decent  member of the community, as evidenced by the large number

17  of letters written on her behalf by people who knew her best (Exhibit A

18  collectively).

19  She was gainfully employed, a single mother raising one child and was a college

20  graduate ( two AA Degrees in sociology and general education from Chaffey

21  college). She also had special skills in taxation, beauty services, and electric therapy

22  massage. She lived a normal happy life with her son  and was not involved in

23  substance abuse,  street gangs, or illegal weapons of any kind.

24       Since she had  no prior felony  criminal convictions and did not have any

25  close relatives or acquaintances in the prison system , she had no reason to know or

26  have any contact with inmates in the prison, that is until she met Manuel her future

27  husband who was  incarcerated and had been  for a number of years.

28       The crime involved here includes the filing of fraudulent applications for

- 5 -

SENTENCING MOTION

unemployment benefits in the name of others, namely at least *29 inmates incarcerated in the State prison system,* the same overall system that Manuel Hernandez has lived in for several years.

Manuel is the one with access and means of obtaining, organizing, and recruiting the personal identifying information (PII)  from these inmates, not defendant.

The Government also has never clarified as how defendant obtained the inmates personal identification information other than thru her husband Manuel and if that so, then Manuel would be the "organizer or leader of a criminal activity that involved five or more participants " (U.S.S.G. 3B1.1 (a) ) and not his wife defendant Hernandez who was the recipient of Manuel's information.

It appears that once Manuel gathered the PII of inmates, he would arrange to have this information passed on to his wife who would then be contacted by friends and relatives of the inmates or/and the inmate himself

That is not to say that Defendant Hernandez is an innocent pawn in this matter. She is not, she is clearly guilty, she violated the law and she fully admitted her role in this crime

The government has always maintained that Manuel was a co-conspirator and that defendant " worked with her husband and others *incarcerated* (emphasis added ) at various California prisons to place false applications for COVID-19 related unemployment benefits " ( Pg. 2 line 19, Governments sentencing brief dated June 13, 2023) .

The Government, thru its case agent believes that defendant " came up with the idea " to defraud the victims. However, they have no real solid evidence on this issue. Just assumptions and presumptions based on their own interpretation of the contact between defendant and Manuel.

Furthermore, in order for U.S.S.G. 3B1.1 (a) or (b) to apply the criminal activity must involve "five or more participants or was otherwise extensive ".

- 6 -

1  A participant has been defined as " a person who is criminally responsible for the

2  offense" ( U.S.S.G. 3B1.1, comment. (n.1).

3  Here, defendant Hernandez is a participant because she is a criminally responsible

4  for the crimes for which she was convicted.

5  However, although there are 29 listed individuals involved, the government

6  has not proven that they or anyone else are "participants who were aware of the

7  criminal objective and knowingly offered their assistance" *United States v. Anthony*

8  *280 F.3rd 694, 698 (6th Cir. 2002).*

9  In determining  whether the criminal activity was "otherwise extensive",

10  the court in *United States v. Carrozzela, 105 F. 3rd 796 (2nd Cir. 1997)* held that

11  "Otherwise extensive " *,* at a minimum requires a showing that an activity is the

12  functional equivalent of an activity involving five or more participants, *id* at 803.

13  Thus it appears that per  the PSR analysis , the court can apply the 2-level

14  adjustment pursuant to U.S.S.G. 3B1.1 (c) in that defendant was involved in a

15  criminal activity which did not involve five participants or be otherwise extensive

16  and for reasons stated above, the governments position is not applicable.

17  <u>**RESTITUTION**</u>

18  Defendant Hernandez will pay restitution as agreed in her plea agreement.

19  The amount listed is, of course no longer available . The government agrees that

20  basically after defendant withdrew the ill-gotten funds from  the ATM, defendant

21  only kept a "portion of the proceeds", (government sentencing brief pg. 7, line 13 )

22  The amount defendant  kept is unknown as the government did not disclose it

23  in their discovery. It appears that the monies were shared between several

24  individuals and their families. However, defendant's station in life did not change

25   much after the funds were distributed, that is; as far as is known, there were no big-

26  ticket items purchased by defendant  such as expensive homes, vehicles, jewelry or

27  vacations .

28  //

- 7 -

## **COMMUNITY SUPPORT**

Defendant Hernandez is submitting a large number of support and character letters submitted on her behalf by interested individuals who know defendant best and demonstrate the charged conduct deviated markedly from the way defendant has otherwise lived her personal life.

These letters are a testament to her traits of humility, putting others before herself, her humble nature, her dedication to her family, her personal history and personal characteristics and otherwise law-abiding life unrelated to the charged conduct so that the court can have as full a picture as possible when meting out a sentence in this matter.

## **SECTION 3553 (a)  FACTORS**

Above letters also provide a useful context for determining an appropriate sentence and counsel for a sufficient, but not greater than necessary sentence per Title 18, United States Code section 3553.

The factors considered under this section are:

  - History and characteristics of defendant

  - the nature and circumstances of the offense

  - the need for the sentence imposed to reflect the seriousness
    of the offense

   -Promote respect for the law, and to provide just punishment

   - they also include the need for the sentence to afford adequate
     deterrence and to consider the public's need for protection from
     future crimes

In evaluating defendants personal history and characteristics, several aspects stand out:  her law abiding life she has led, her remorse and acceptance of responsibility her standing in the community, her non- involvement in criminal street gangs, substance abuse and illegal weapons. When considered as a whole, they weigh in

- 8 -

favor of leniency and defendant is respectfully requesting that she be sentenced to 33 months , the low end of the advisory guidelines.

Such a sentence is sufficient, but not greater than necessary, to achieve the factors set forth in 18 U.S.C. section 3553 (a).

Dated : June 14, 2023

El Monte Law Group

_____

By Ralph R. Rios

- 9 -