UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA ANN HERNANDEZ,<br><br>Defendant. | Case No. 5:22-cr-00217-MCS-1<br><br>**ORDER RE: MOTION TO MODIFY SENTENCE (ECF NO. 50)** |

1

Defendant Cynthia Ann Hernandez and co-schemers filed fraudulent applications for unemployment insurance benefits. (Plea Agreement § 13, ECF No. 24.) She pleaded guilty to mail fraud and access device fraud in excess of $1,000. (Mins., ECF No. 27.) The Court sentenced her to 30 months' imprisonment. (J. & Commitment Order, ECF No. 40.) Defendant moves for a modification of her sentence pursuant to 28 U.S.C. § 3582(c)(2). (Mot., ECF No. 50.) The Government opposes Defendant's motion. (Opp'n, ECF No. 51.) Defendant did not timely file a reply.

## I. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). One such narrow exception is compassionate release pursuant to 18 U.S.C. § 3582.

A court may reduce a term of imprisonment for a defendant sentenced based on a sentence range subsequently lowered by the Sentencing Commission "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This prescribes "a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a court must determine whether the defendant is eligible for a sentence modification following the policy statements in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10. Second, a court must determine whether exercise of discretion is appropriate given the § 3553(a) factors. *Id.* at 827.

## II. DISCUSSION

Defendant asks the Court to reduce her sentence given U.S.S.G. § 4C1.1, which became effective November 1, 2023. (Mot. 2.) The new guideline provides a two-point

adjustment of the total offense level for "zero-point offenders." The adjustment is available for defendants who meet *all* of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

The Court cannot grant Defendant relief because a reduction is only authorized if an amendment to the guidelines applies to the defendant. U.S.S.G. § 1B1.10(a)(2).

3

The new guideline does not apply to Defendant because she received an adjustment under § 3B1.1. In its presentence investigation report, the United States Probation Office's calculation of Defendant's total offense level included a two-point adjustment based on Defendant's aggravating role in the offense. (Rev. Presentence Investigation Report ¶¶ 58–61, ECF No. 36.) In her sentencing position papers, Defendant did not contest that an aggravating role adjustment was appropriate. (*See* Def.'s Sentencing Position 4, 7, ECF No. 35.) At sentencing, the Court applied the unchallenged adjustment. Because Defendant received an adjustment under § 3B1.1, she does not meet criterion 10 of § 4C1.1(a).

Because the Court finds Defendant ineligible for a sentence modification, the Court declines to reach the § 3553(a) sentencing factors in the second step of the § 3582(c)(2) inquiry. *Dillon*, 560 U.S. at 826–27. However, the Court applauds Defendant for participating in classes available to her while in custody. (Mot. 3.) The motion for a modification of the sentence is denied.

### III. CONCLUSION

The motion is denied. The Court directs the Clerk to terminate all open motions in the docket.

**IT IS SO ORDERED.**

Dated: May 20, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE